J-S81005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.                :
:
:
ANGEL VASQUEZ-DIAZ         :
:
Appellant          :   No. 369 EDA 2014

Appeal from the Judgment of Sentence September 17, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008880-2012

BEFORE:   BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY STEVENS, P.J.E.:    **FILED MAY 22, 2017**

The well-reasoned dissent authored by Justice Debra Todd in

***Commonwealth v. Wolfe***, ____Pa.____, 140 A.3d 651 (2016), is reflective of

my view on the constitutionality of mandatory minimum sentences as well as

the deference we should give to the prerogative of the duly elected branch

of government, the Pennsylvania Legislature, to establish such sentences

where deemed appropriate.  ***See Commonwealth v. Wolfe***, ____Pa.____,

140 A.3d 651 (2016) (Todd, J., dissenting) (asserting that the imposition of

a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9718 did not

violate the Sixth Amendment as the fact that triggered the application of the

---

[*] Former Justice specially assigned to the Superior Court.

mandatory minimum was stated in the criminal information and proven to the jury beyond a reasonable doubt as an element of the offense).

However, the Majority here correctly concludes that, under current Pennsylvania law, Appellant is entitled to a resentencing hearing as he received a mandatory minimum sentence under 42 Pa.C.S. § 9718, a statute that our Supreme Court declared unconstitutional in **Wolfe** pursuant to the principles set forth in **Alleyne v. United States**, ___U.S.___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). The Superior Court, as an intermediate appellate court, is required to follow Supreme Court mandates and bound to effectuate Supreme Court precedent. **Walnut St. Assocs., Inc. v. Brokerage Concepts, Inc.**, 610 Pa. 371, 391, 20 A.3d 468, 480 (2011).

Judge Bowes joins the concurring memorandum.